251 F.2d 494
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
GENERAL DRIVERS, SALESMEN, WAREHOUSEMEN & HELPERS, LOCAL
UNION 984, Affiliated with International
Brotherhood of Teamsters, Chauffeurs,
Warehousemen & Helpers of
America, AFL-CIO, Respondent.
 No. 13275.
 United States Court of Appeals Sixth Circuit.
 Jan. 23, 1958.
 
 Elizabeth W. Weston, Washington, D.C. (Jerome D. Fenton, Stephen Leonard, Marcel Mallet-Prevost, Washington, D.C., on the brief), for petitioner.
 Anthony J. Sabella, Memphis, Tenn., for respondent.
 Before SIMONS, Chief Judge, and BOYD and LEVIN, District Judges.
 PER CURIAM.
 
 
 1
 The Court has before it a petition by the National Labor Relations Board for the enforcement of its order against respondent, to cease and desist from continuing an unlawful secondary boycott proscribed by Section 8(b)(4)(A) of the National Labor Relations Act, as amended, 29 U.S.C.A. Section 151 et seq. Section 8(b) provides that 'it shall be an unfair labor practice for a labor organization or its agents-- * * *
 
 
 2
 '(4) to engage in, or to induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services, where an object thereof is: (A) forcing or requiring employer or self-employed person to join any labor or employer organization or any employer or other person to cease using, selling, handling, transporting or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person.'
 
 
 3
 A summary of the pertinent facts, some of which were stipulated by the parties and others determined by the trial examiner and adopted by the Board, are: On September 26, 1955, the Caradine Company, Inc., the employer, a wholesale grocer, was struck by the respondent. Respondent established a picket line at the employer's warehouse. Until February 1, 1956, the picketing was confined to the warehouse but subsequently, for a period of approximately a month, respondent extended its picketing to employer's truck delivery operations. Pickets of the respondent during this period followed the employer's trucks on their delivery routes, and wherever the trucks stopped to make a delivery to employer's customers the pickets would patrol near the trucks. Such ambulatory picketing took place at or near the place of business of about forty-eight of the employer's customers. At about ten other customer establishments such ambulatory picketing extended away from the immediate orbit of the trucks and across or toward the entrance of the customers' places of business. This picketing was conducted at times when many of the customers' establishments had employees of their own working on their respective premises. On two occasions respondent appealed to the employer's customers to refuse delivery of its merchandise, and when the customers complied with these requests withdrew the pickets.
 
 
 4
 We take the view that the Board was justified by the evidence in finding that the ambulatory picketing '* * * was intended, at least in part, to induce and encourage the employees of secondary employers to engage in a concerted refusal in the course of their employment to handle Caradine's products or to quit work with an object of forcing the secondary employers to cease doing business with Caradine.' This was in violation of Section 8(b)(4)(A) of the National Labor Relations Board Act. See National Labor Relations Board v. United Steel-workers of America, 1 Cir., 250 F.2d 184.
 
 
 5
 A decree will be entered enforcing the order of the Board.